# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. 2:18-cr-00075-3 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| **STEVEDORE CRAWFORD, JR.,** : | |
| : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

This matter is before the Court on Defendant Stevedore Crawford, Jr.'s Motion for Compassionate Release. Docs. 173, 175. For the reasons set forth below, the Court **DENIES** Defendant's Motion [# 173, #175] **WITHOUT PREJUDICE**.

## II. BACKGROUND

 On May 21, 2018, Defendant Crawford entered a plea of guilty to one count of Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances Within 1,000 Feet of a Public Elementary School, in violation of 21 U.S.C. § 846. Doc. 53. On February 15, 2019, Defendant was sentenced to thirty-six months of incarceration, followed by three years of supervised release. Doc. 151. Defendant has now filed this Motion for Compassionate Release due to the COVID-19 pandemic. The Government opposes Defendant's Motion for a failure to exhaust administrative remedies.

## IV. LAW & ANALYSIS

Under 18 U.S.C. § 3582(c), the Court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" if the defendant has "fully exhausted all

1

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion [for modification of sentence] on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Defendant Crawford has not demonstrated that he has taken steps to exhaust his administrative remedies with the Bureau of Prisons, which this Court has deemed necessary, even in light of the COVID-19 pandemic. *See United States v. Johnson*, Case No. 14-cr-00127-12, Doc. 1660; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP 'prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic,' we anticipate that the statutory requirement will be speedily dispatched in cases like this one."). The only reference Defendant Crawford makes to possible administrative remedies is the following:

> Just a few weeks or so ago because the Attorney General William Barrs (sic) decision to insist on inmates not being so crowded together by releasing many non violent offenders, I signed papers because of my age, race and the fact I'm a diabetic (insulin twice a day) high blood pressure a pill once a day, that I was getting ready to be released the first couple weeks of April, but then a couple of idiots that were released early under this CARES Act I was on a list for release on, they went out and committed more crimes even violent crimes, so then the policy changed somehow to violence in inmates history instead of non violent drug offenders.

Doc. 173 at 2-3. But Defendant provides no documentation corroborating his claim. Nor is it clear whether the papers he purportedly signed were for purposes of an administrative appeal or a request to the prison warden pursuant to 18 U.S.C. § 3582(c) for his early release. Accordingly, once Defendant satisfies the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) and/or provides evidence that he has taken these steps, he can file another motion with the Court, identifying

specific reasons why the COVID-19 pandemic justifies his release. *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion for Compassionate Release [#173, #175] **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

      /s/ Algenon L. Marbley_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 8, 2020**