IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:18-cr-00075-3 |
| v. | : JUDGE ALGENON L. MARBLEY |
| STEVEDORE CRAWFORD, JR., | : |
| Defendant. | : |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Stevedore Crawford, Jr.'s Motion for Compassionate Release. Docs. 178, 179, 182. For the reasons set forth below, the Court **GRANTS** Defendant's Motion [#178, #179, #182].

**II. BACKGROUND**

On May 21, 2018, Defendant pled guilty to one count of Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances Within 1,000 Feet of a Public Elementary School, in violation of 21 U.S.C. § 846. Doc. 53. Defendant was later sentenced to 36-months imprisonment followed by a three-year term of supervised release. Doc. 151. To date, Defendant has served roughly 15 months of his 36-month sentence.

On June 25, 2020, Defendant filed this Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. Defendant, who is 57 years old, represents that he suffers from diabetes and high blood pressure. Because of these conditions,

1

Defendant maintains that COVID-19 poses a dangerous health risk. Defendant, therefore, seeks immediate release from FCI Morgantown.

### III. LAW AND ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a sentencing court may -- "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility" -- reduce the defendant's term of imprisonment, after considering the applicable factors set forth in 18 U.S.C. § 3553, if extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A). In considering whether a defendant can satisfy the "extraordinary and compelling" reasons standard, this Court looks to the applicable Sentencing Commission Policy Statement found in U.S.S.G. § 1B1.13. This Policy Statement sets forth four circumstances under which "extraordinary and compelling" reasons for release may exist, including:

> (A) Medical Condition of the Defendant.
>
>   . . .
>
>   (ii) The defendant is--
>
>      (I) suffering from a serious physical or medical condition,
>
>      (II) suffering from a serious functional or cognitive impairment, or
>
>      (III) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1.

As a threshold matter, Defendant has exhausted his administrative remedies within the meaning of 18 U.S.C. §3582(c)(1)(A).  Defendant submitted a written request for compassionate release to the warden of FCI Morgantown on May 1, 2020.  On May 15, 2020, the warden denied Defendant's request.  Defendant then waited more than 30 days after the warden received his written request for compassionate release before filing this Motion in federal court on June 25, 2020.  *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf.  To do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his request to the prison.") (quoting 18 U.S.C. § 3582(c)(1)(A)).

Turning next to whether extraordinary and compelling reasons justify release, Defendant submits that his medical conditions, which make him particularly vulnerable to severe illness from COVID-19, meet that criteria.  It is true that the Centers for Disease Control and Prevention ("CDC") identifies people with diabetes and high blood pressure as having an increased risk for severe illness from COVID-19.  But according to the BOP's website, there have been no confirmed cases of COVID-19 amongst inmates or staff at FCI Morgantown.[1]  Defendant, however, attributes this to the facility's lack of testing.  Defendant also notes that the facility has failed to implement adequate sanitation measures, does not require the use of masks, and recently fired the only on-site doctor.  At least one Court in the Eastern District of Michigan has scrutinized FCI Morgantown's failure to implement important CDC recommendations. *See United States v. Agomuoh*, 2020 WL 2526113, at *2-3 (E.D. Mich. May 18, 2020).  Given Defendant's age, medical history, and the conditions he describes at FCI Morgantown, the Court finds that

---

[1] https://www.bop.gov/coronavirus/

Defendant has satisfied the "extraordinary and compelling" reasons standard for release. *See United States v. Smith*, 2020 WL 3317222, at *5 (N.D. Ohio June 18, 2020) ("[T]he Court finds that Smith's age, history of [heart] disease, kidney disease, and diabetes all constitute risk factors" . . . that demonstrate "'extraordinary and compelling'" reasons to consider his request for compassionate release, even though it appears that the BOP has taken steps to monitor and treat his medical conditions[.]"); *United States v. Atwi*, 2020 WL 1910152, at *4 (E.D. Mich. Apr. 20, 2020) ("There can be little doubt that incarcerated individuals face an even greater risk of transmission, given the conditions frequently present in correctional and detention facilities.").

In addition to finding an "extraordinary and compelling" reason for release, the Court must consider the factors set forth in 18 U.S.C. § 3553 and determine whether Defendant's release would pose a danger to the community. *See Agomuoh*, 2020 WL 2526113 at *7 ("There are three components to a compassionate release merits analysis: 1) whether extraordinary and compelling reasons warrant a reduction in sentence, as described by the United States Sentencing Commission; 2) whether the § 3553(a) factors—"to the extent they are applicable"—render the reduction inappropriate; and 3) whether Defendant would be a danger to the public."). Amongst the relevant § 3553(a) factors the Court must consider are the nature and circumstances of Defendant's offense, Defendant's criminal history, and the need for the sentence imposed, including consideration of the ability to provide Defendant with necessary medical care.

Here, Defendant's crime of conviction involved a conspiracy to possess and distribute cocaine, which is inherently a non-violent offense.[2] The Court, however, must still consider the other relevant conduct in Defendant's criminal history. According to the Government, in 1981, Defendant was sentenced to an indeterminate sentence of one to ten years in prison for robbery.

---

[2] In 2006, Defendant was sentenced to 18-months in prison for a similar offense.

Then, the same year he was paroled, Defendant committed a felonious assault, which resulted in a 180-day sentence. Following this, in 1984, Defendant was convicted for aggravated and felonious assault and served more than ten years in prison. But despite a violent past, Defendant was granted pretrial release in this case and eventually surrendered to the BOP without issue following sentencing. *See* Docs. 38, 151.

On balance, the Court finds that extraordinary and compelling reasons justify the release of Defendant. Defendant is at an increased risk of suffering severe illness from COVID-19 due to his age and underlying medical conditions. The current conditions of Defendant's confinement also diminish his ability to provide self-care. In addition, Defendant's string of violent crime ceased over thirty years ago and was not concerning enough to preclude him from receiving pretrial release in this case. Finally, the Court finds that home confinement is an adequate substitute for imprisonment pursuant to U.S.S.G. § 5F1.2. Accordingly, Defendant's Motion for Compassionate Release is **GRANTED**.

### IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's Motion for Compassionate Release [#178, #179, #182]. It is **ORDERED** that Defendant be immediately placed in a 14-day quarantine before his release from FCI Morgantown. Upon release, Defendant shall begin to serve the remainder of his 36-month sentence under home confinement as a condition of supervised release. After Defendant has completed his term of home confinement, he shall serve an additional three years of supervised release pursuant to the terms specified in the Court's Sentencing Order. Doc. 151.

**IT IS SO ORDERED.**

                                     /s/ Algenon L. Marbley
                                    **ALGENON L. MARBLEY**
                                    **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 8, 2020**